The Honorable W. Kent Ingram, Jr. State Senator P.O. Box 369 West Memphis, AR 72301
Dear Senator Ingram:
This is in response to your request for an opinion regarding Act 739 of 1987, which is codified as A.C.A. 26-35-101 (Supp. 1987). You have asked the following specific questions in this regard:
 1. Does Act 739 require escrow agents to remit property taxes within the prescribed period after the tax bills are received for all property covered by their escrow accounts or does is require agents to remit taxes within the specified times after the tax bills are received only from those accounts in which sufficient funds have been accumulated?
 2. Does Act 739 place a responsibility on escrow agents to assure that each escrow fund accumulates sufficient funds to pay the taxes on the real property involved before expiration of the 60 or 90 days after the tax bills are received or does it require the agents to remit taxes from a particular escrow account within the period prescribed only if sufficient funds are accumulated in that account?
It is my opinion, in response to your first question, that escrow agents must remit taxes within the times specified under Act 739 from only those accounts in which sufficient funds have accumulated. This conclusion is based upon our interpretation of the language in question since there are no cases or other legislative enactments offering guidance on the issue.
Section 1 of Act 739 states in pertinent part that holders of escrow funds for the payment of real property taxes must "within thirty (30) days after sufficient funds have accumulated in each account" notify the county collector; or if sufficient funds have accumulated prior to commencement of the tax collecting period, notification shall be made within thirty (30) days after collection may commence. A.C.A. 26-35-101(a)(1) and (2) (Supp. 1987). Section 11 [26-35-101(a)(3)] then states:
Further, those holders of escrow funds must remit payment for property taxes within sixty (60) days of receipt of the tax bills from the collector.
It is my opinion that the phrase "those holders of escrow funds" refers only to those who hold accounts in which sufficient funds are accumulated and who have, accordingly, so notified the county collector. This conclusion is reinforced by the emergency clause contained in Section 3 of the Act wherein it states in part:
 It is hereby found and determined by the General Assembly that thousands of dollars of fund are being accumulated in escrow accounts being held by banks, savings and loans associations, or by persons, firms, or corporations who maintain such escrow accounts for the payment of real property taxes on lands belonging to others, and that it is in the public interest that whenever a full year's taxes have accumulated in the escrow account for payment of real property taxes during said year, the payment be remitted to the county collector within a reasonable time after said amount has been accumulated thereby enabling the cities, counties and school districts of this State to have the prompt benefit of the payment of taxes for which said escrow accounts are maintained; that many cities, counties and school districts are suffering a severe cash flow problem due to the lack of receiving said funds promptly upon the same being accumulated within the said escrow accounts.
(Emphasis added.) This language supports the conclusion that Act 739 is aimed at those escrow agents holding funds in which sufficient amounts have accumulated for the payment of one year's taxes.
As stated in response to your first question, Act 739 of 1987 appear to be directed toward those escrow agents whose accounts reflect an accumulation of funds sufficient for the payment of real property taxes. While it seems clear that payment must be made within the prescribed time as to those accounts, the Act does not on its face confer responsibility in this regard on escrow agents, nor do I believe such responsibility may be inferred from the language employed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.